■ In the Matter of DONALD L. JONAS et al., Respondents, v. NEW YORK STATE LIQUOR AUTHORITY, Appellant.— Judgment (denominated "Order" below; but see CPLR 7806), entered July 7, 1967 in New York County Clerk's office annulling determination of respondent-appellant Liquor Authority which denied transfer of petitioner's liquor license, on the ground that subdivision 16 of section 105 of the Alcoholic Beverage Control Law forbids it, affirmed on the law and the facts, without costs and without disbursements. The statute provides that "No retail licensee to sell liquors * * * for off-premises consumption shall be interested, directly or indirectly, in any premises where liquors * * * are manufactured or sold * * * by stock ownership, interlocking directors, mortgage or lien on any personal or real property or by any other means." Petitioner seeks to transfer his liquor license to a joint venture, of which one Grobman has a 25% interest. Grobman also has a 25% interest in a tract of land in Commack, L. I., containing 150,000 square feet in area, which he and his associates have leased to Modell's Shoppers World, on a specific cash rental basis, unrelated to Modell's rental receipts. Modell has subleased 1,500 square feet, or 1% of said area, to Ronry Wine and Liquors, Inc., which operates a package liquor store thereon. Ronry's rent to Modell also is on a specific cash basis, unrelated to sales. Clearly, Grobman's interest is not listed or encompassed in the statute, unless

the phrase "by any other means" reaches him. We hold it does not. The purpose of the statute is to bar interests and relationships which may in any degree or respect lead to monopoly. Here, Grobman cannot be said to have any direct or indirect interest in how Modell subleases the premises, nor in the sublessee's business. We agree that the statute should be strictly enforced to carry out the legislative intent; but it should not, and may not, be extended beyond the "mischief" it was intended to prevent, and be accorded impractical and burdensome constructions unrelated to its purpose. (See *Matter of Fraser* v. *Hostetter,* 47 Misc 2d 534.) We deem *Matter of Dadakis* v. *State Liq. Auth.* (27 A D 2d 985) and *Matter of E. J. Korvette, Inc.* v. *State Liq. Auth.* (26 A D 2d 439) to be clearly distinguishable upon the facts. Concur — Botein, P. J., Stevens, Eager and Witmer, JJ.; McGivern, J., dissents in the following memorandum: I dissent and vote to confirm the determination of the Authority. The statute need not be construed with "absolute literalism" but should be interpreted with respect for its purposes, namely to prevent an interest by one party in more than one place where liquor is sold. And the word "premises" is more extensive than the *store* where liquor may be sold. As such, the statute interdicts the issuance of a retail license to a person or persons or corporation or joint venture which has an interest by one of the parties thereof or all in the land or real estate on which another store may stand. This is what the Legislature said in subdivision 16 of section 105 of the Alcoholic Beverage Control Law; and it must be presumed this Honorable Body knew what it was doing when these words were employed. If in its practical workings this statute may be found to be unduly oppressive, recourse must be had to the Legislature. In any event, *Matter of E. J. Korvette, Inc.* v. *State Liq. Auth.* (26 A D 2d 439 [1st Dept.]) sustains the Authority in its not unreasonable conclusion that there is an "interest" which precludes a license from being issued to Mr. Grobman, or to any entity in which he may have an interest. *Korvette* deplores the "potential influence" that could be exerted by a substantial minority interest in more than one store. We have here no insignificant percentage of stock: one of the petitioners has a definite interest in the *premises* on which another liquor store stands, to wit, a 25% interest. The petition should be dismissed.